**CUPPLES CORPORATION, Appellant,**

v.

**Charles SNELL, Appellee.**

**No. 13983.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 26, 1962.

Levey & Goldstein, San Antonio, for appellant.

Glasscock & Glasscock, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Charles Snell in the County Court at Law No. 1 of Bexar County, Texas, against Cupples Corporation, I. Wolf and Frances Levenson, seeking to recover the sum of $252.00 as the contract price for a job of painting done by plaintiff for defendants on the exterior of an apartment house owned by defendants, located at 1509 Cupples Road, San Antonio, Texas.

The trial was before the court without the intervention of a jury and resulted in judgment in favor of Charles Snell against Cupples Corporation in the sum of $252.00, together with interest, from which judgment Cupples Corporation has prosecuted this appeal.

Appellant contends there is no evidence to show that appellee painted the apartment house in a satisfactory manner, and therefore the trial court erred in rendering judgment in appellee's favor, and, in any event, the finding that the appellee properly performed his contract, was against the great weight and preponderance of the evidence and manifestly unjust. We overrule these contentions. The evidence shows that the paint used was furnished by appellant. Appellee testified that he performed the services as agreed to under the oral contract, and that appellant re-

fused to pay him. Appellee further testified that no complaint as to the painting job was made by the representatives of appellant until he refused to purchase two lots from appellant and have $150.00 of the amount due him applied as a down payment on the two lots. The evidence further shows that appellant tendered to appellee a check for the sum of $126.00, bearing the following notation:

"In payment as per agreement $252.00
Less: Deposit on lots 1 &
2, block 15, ncb 7258, Bexar
County, Texas } 126.00
$126.00

Paint Job 1509 Cupples Road

Thus it will be seen that appellant was willing to pay appellee the full contract price of $252.00 for the painting job, provided appellee would buy the lots from appellant and accept one-half of what was due him as a credit on the purchase price. The trial judge could have inferred from the evidence that the contention that the work had not been done in a satisfactory manner was an afterthought which occurred to appellant and its officers when appellee refused to buy the two lots. In an attempt to show that appellee had agreed to purchase the lots, appellant offered in evidence two contracts purporting to constitute a sales contract of the two lots. Neither of these contracts was signed by appellee. He did make some alterations in the first contract and initialed each of the corrections or changes, but appellee did not sign on the line left for his signature at the end of the contract. His wife did sign this contract. No one signed for appellee. The contract was thereafter rewritten, making the changes suggested by both appellee and his wife, but this new contract was not executed by either appellee or his wife. If appellant considered the first contract a fully executed contract, why was the second contract prepared? The initials of appellee upon the first contract could be regarded as appellee's signing of the contract, if that was his intention. Jones v. Fox

Film Corp., 5 Cir., 68 F.2d 116. An examination of the contract shows that appellee was only initialing his suggested corrections or changes, and he swore he never intended to execute the contract, and that he told the representatives of appellant at all times, he was not going to buy any lots. The trial judge had a right to believe him and find in effect that he never agreed in writing or otherwise to purchase any lots from appellant.

The judgment of the court is supported by evidence of probative force, and is not against the weight and preponderance of the evidence. The judgment is affirmed.